CONSERVATION LAW FOUNDATION
OF NEW ENGLAND, INC., et
al., Plaintiffs,

v.

James G. WATT, et al., Defendants.

COMMONWEALTH OF
MASSACHUSETTS,
Plaintiff,

v.

James G. WATT, et al., Defendants.

Civ. A. Nos. 83–506–MA, 83–530–MA.

United States District Court,
D. Massachusetts.

Oct. 10, 1984.

Stephen M. Leonard, Lee Breckenridge, Dept. of Atty. Gen., Boston, Mass., for Com. of Mass.

Irwin I. Kimmelman, Atty. Gen. of N.J., Trenton, N.J., for amicus—N.J.

John K. Van de Kamp, Atty. Gen., N. Gregory Taylor, Asst. Atty. Gen., Theodora Berger, Dist. Atty. Gen., Los Angeles, Cal., for amicus—Cal.

Margaret Strand, U.S. Dept. of Justice, Washington, D.C., for Watt, et al.

George Marshall Moriar, Ropes & Gray, Boston, Mass., E. Edward Bruce, Covington & Burling, N.W. Washington, D.C., for intervenor defendants.

Robert R. Ruddock, N.E. Legal Foundation, Boston, Mass., for amicus curiae— N.E. Legal Foundation, Greater Boston Chamber of Commerce & N.E. Council.

Douglas I. Foy, Conservation Law Foundation, Boston, Mass., for Conservation Law Foundation of New England, Inc., et al.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

This matter is before the Court on the Motion for Costs and Attorneys' Fees filed by the plaintiff, Conservation Law Foundation (CLF). CLF bases its entitlement to costs and fees on the citizen suit provisions of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1349(a)(5) (OCSLA) and the Endangered Species Act, 16 U.S.C. §§ 1531, *et seq.* (ESA). CLF seeks a total of $130,008.27, broken down as follows:

| | |
|---|---|
| Base fee for work on the merits | $99,897.75 |
| 20% contingency adjustment | 19,979.55 |
| Base fee for work on fees | 8,172.50 |
| Costs | 1,958.47 |
| Total | $130,008.27 |

The defendants do not dispute CLF's entitlement to some attorneys' fees and costs, but submit the amount requested should not be awarded because some of the work billed, namely, the work on the OCSLA claim, is not work for which CLF may be compensated, and, further, the hourly rates are excessive.

## I.

First, the defendants claim CLF is not entitled to fees for work on the OCSLA claim, asserting that only the co-plaintiff, the Commonwealth of Massachusetts, could properly raise an alleged violation of Section 19. Since CLF could not have prevailed on this claim, the defendants argue, the time spent on this claim was "otherwise

unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). *Roosevelt Campobello International Park v. United States Environmental Protection Agency*, 711 F.2d 431, 441 (1st Cir.1983).

It is true that CLF could not seek relief for violations of Sections 18 and 19 of OCSLA on its own behalf, but it does not follow that duties and rights set out in OCSLA were not relevant and necessary to a proper preparation in this lawsuit for any plaintiff besides the Commonwealth of Massachusetts. OCSLA is the controlling statute for leasing activity. It imposes the duties of care and analysis, especially regarding fishery protection. It describes the procedure of the leasing process, and a complete understanding of the process and its effects was absolutely necessary for a challenge to the lease sales. OCSLA creates the duty to balance risks and benefits, a duty this Court found the Secretary had not fulfilled. In my view, it would have been virtually impossible to separate the duties created by NEPA and OCSLA, and it should not be expected that CLF would take part in this complicated and voluminous case without a full understanding of all of the law which governs the framework of all aspects of the leasing process.

In short, I conclude CLF is entitled to seek fees for all issues properly raised and in which it achieved or helped to achieve the successful results. I do not agree with defendants' assertion that CLF's claims were "analytically distinct claims in which plaintiff did not prevail." These claims all involved a common core of facts and were based on related legal theories. *Hensley v. Eckerhart, supra,* 103 S.Ct. at 1939. Therefore, CLF is entitled to fees and costs under both the ESA and OCSLA cost provisions.[1] *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 103 S.Ct. 3274, 3279–80, 77 L.Ed.2d 938 (1983).

The standard for awarding attorneys' fees is specified in *Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir.1978). Here, it is

---

**1.** As noted earlier, the defendants do not dispute    CLF's entitlement to fees and costs under ESA.

clear that the "plaintiffs' suit and their attorney's efforts were a necessary and important factor in achieving the improvements...." 581 F.2d at 281. The efforts expended here resulted in the issuance of the preliminary injunction and the eventual cancellation of the lease sale. Fees and costs are appropriate under the citizen suit provisions of either OCSLA, 43 U.S.C. § 1349(a)(5) or ESA, 16 U.S.C. § 1540(g)(4).

## II.

■ Since its decision in *Furtado v. Bishop*, 635 F.2d 915, 919–21 (1st Cir.), *cert. denied*, 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980), the First Circuit has used the "lodestar" approach in arriving at a reasonable fee recovery. This approach consists of determining the number of hours reasonably expended multiplied by a reasonable hourly rate. I have examined the affidavits and accompanying documentation, along with the related discussions in the parties' memoranda to determine the appropriate fees. In my conclusions, I have reduced the billable hours in areas where I have found the work to be duplicative or consultative in nature. I have also reduced the billable hours in areas where the work performed appears to be supervisory. I am mindful that CLF is an organization whose efforts are directed almost entirely to environmental matters, and while it possesses undoubted competence in those matters, its experience and background would necessarily mean that its efforts in this case started from a basic familiarity with environmental law and not from scratch.

On the other hand, I am also mindful of the time constraints placed on the plaintiffs by the defendants in noticing the sale at the minimum time allowed under the law (a practice I have noted to be persistent as well as incomprehensible). The pressures of time and the need for an immediate commitment of resources are recognized by this Court. Accordingly, I have set rates of compensation at what I believe are "those prevailing in the community for similar services by lawyers of reasonably com-parable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984).

■ Finally, I have adjusted the award upwardly by 10%. I believe that the quality of services rendered in this case by CLF was superior in every respect and those services would normally have called for a larger upward adjustment. But, as I have noted, CLF has special technical expertise and background in these matters and its advocacy of similar and/or related causes is continuous and consistent. Also, the role of the attorneys for the Commonwealth of Massachusetts should not be overlooked. Their contributions were of matching quality and also of great assistance to the Court.

Accordingly, the fees to be awarded are as follows:

| | | |
|---|---|---|
| Douglas I. Foy | 220 hours at $135 = | $29,700.00 |
| R. Alan Fryer | 210 hours at $ 70 = | $14,700.00 |
| Steven S. Stark | 22 hours at $100 = | $ 2,200.00 |
| Sarah Bates | 27 hours at $100 = | $ 2,970.00 |
| Donald Berry | 82 hours at $ 60 = | $ 4,920.00 |
| Kenneth Hoffman | 21 hours at $100 = | $ 2,100.00 |
| Emily Bateson | 400 hours at $ 35 = | $14,000.00 |
| David Hange | 140 hours at $ 35 = | $ 4,900.00 |
| Total for Work on Merits | | $75,490.00 |

I also award the following fees for work done on the motion for fees:

| | | |
|---|---|---|
| J. Cleve Livingston | 40 hours at $120 = | $ 4,800.00 |
| Armond Cohen | 35 hours at $ 70 = | $ 2,450.00 |
| Total for Work on Fees | | $ 7,250.00 |

Finally, I award reasonable costs in the amount of $1,958.47. In summary, the award is as follows:

| | |
|---|---|
| Total for Work on Merits | $75,490.00 |
| 10% Upward Adjustment | 7,549.00 |
| | $83,039.00 |
| Total for Work on Fees | 7,250.00 |
| Reasonable Costs | 1,958.47 |
| | $92,247.47 |

An order will issue for an award of $92,-247.47 to Conservation Law Foundation.

SO ORDERED.